# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENDA F. JACKSON, | ) |
|       Plaintiff, | ) |
| v. | ) CASE NO. CIV-05-346-FHS |
| JO ANNE B. BARNHART,<br>Commissioner, Social Security<br>Administration, | ) |
|       Defendant. | ) |

## FINDINGS AND RECOMMENDATIONS

Claimant, Brenda F. Jackson, pursuant to 42 U.S.C. § 405(g), requests judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, the Court AFFIRMS the Commissioner's decision.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment..." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only if his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy..." Id. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate

a disability claim.  See 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted).  The term substantial evidence has been interpreted by the U.S. Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not reweigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on November 16, 1952, and was 52 years old at the time of the

---

[1] Step one requires claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires that claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  See id. §§ 404.1521, 416.921.  If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied.  At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity (RFC) to perform his past relevant work.  If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  See generally Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

hearing. She has a high school education. Claimant previously worked as a home health aide and production worker. Claimant alleges an inability to work beginning December 31, 2002, due to osteoarthritis and glaucoma.

## Procedural History

On September 10, 2003, Claimant applied for disability benefits under Title II (42 U.S.C. § 401, et seq.) and Supplemental Security Income under Title XVI (42 U.S.C. § 1381, et seq.) Claimant's application for benefits was denied in its entirety initially and on reconsideration. ALJ John Volz conducted a hearing on May 26, 2005, in Muskogee, Oklahoma. By decision dated June 15, 2005, the ALJ found that Claimant was not disabled at any time through the date of the decision. On July 26, 2005, the Appeals Council rejected the Claimant's request for review. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made alternative findings at both step four and step five of the sequential evaluation. He determined that Claimant retained the residual functional capacity (RFC) to perform her past relevant work as a production worker. In the alternative, the ALJ utilized the Medical-Vocational Guidelines (GRIDS) to determine that Claimant retained the RFC to perform work that exists in significant numbers in the national and regional economies.

## Review

Claimant, who appears pro se, contends the ALJ's RFC assessment is not supported by substantial evidence.

Court review of the Secretary's decision of social security disability benefits is limited to a consideration of the pleadings and the transcript filed by the Secretary as required by 42

U.S.C. § 405 (g). This court is not permitted to conduct a trial de novo but is obligated to determine whether there is substantial evidence to support the Secretary's decision. <u>Weakly v. Heckler</u>, 795 F.2d 64 (10th Cir. 1986); <u>Cagle v. Califano</u>, 638 F.2d 219 (10th Cir. 1981) and <u>Tillery v. Schweiker</u>, 713 F.2d 601 (10th Cir. 1983).

The transcript of the proceedings has been carefully reviewed by the Court. The Court finds the final administrative decision should be affirmed because the ALJ did not err in his assessment of Claimant's RFC. The Court further finds the ALJ's determination Claimant could return to her prior work or, alternatively, perform other work in the economy is supported by substantial evidence. The Court concludes there is substantial evidence of record to support the ALJ's decision.

## **Conclusion**

The Magistrate Judge finds that the decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied and therefore recommends that the ruling of the Commissioner of Social Security Administration should be AFFIRMED. Parties are herewith given ten (10) days from the date of this service to file with the Clerk of the court any objections with supporting brief. Failure to object to the Findings and Recommendations within ten (10) days will preclude appellate review of the judgment of the District Court based on such findings.

DATED this 22nd day of June, 2006.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE